IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY LYNN LOFTON
A/K/A GERRY LYNN LOFTON                                                    PETITIONER

v.                                                                  No. 3:16CV173-MPM-RP

STATE OF MISSISSIPPI                                                        RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jerry Lynn Lofton for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition as moot. As Mr. Lofton has now been convicted and remanded to the custody of the Mississippi Department of Corrections, the State's motion to dismiss will be granted and the instant petition dismissed as moot.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the
> 1948 Judicial Code. The recodification of that year set out important procedural

limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state or federal custody pursuant to something other than a judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by the state or federal government in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

Jerry Lynn Lofton filed the instant petition for writ of *habeas corpus* under 28 U.S.C. § 2241 challenging the denial of bail during his pretrial detention. At that time, Lofton stated that he was housed in the DeSoto County Adult Detention Facility awaiting trial on criminal charges. According to the records of the DeSoto County Circuit Court and the Mississippi Department of Corrections (MDOC), Lofton (listed in both DeSoto County and MDOC records as "Gerry Lofton") was convicted in DeSoto County Circuit Court Cause No. CR 2015-214-GCD for the crime of first degree murder and was sentenced on November 29, 2016, to serve a term of life in the custody of the MDOC.

**Discussion**

In light of Mr. Lofton's conviction, the instant petition challenging pretrial bail will be dismissed as moot. *See Parker v. Estelle*, 498 F.2d 625, 629 (5th Cir. 1974); *see also Steward-Odom v. United States*, 162 F.3d 95, *1 (5th Cir. 1998) (unpub.) ("Because a judgment of

conviction has been rendered against Stewart-Odom, his bail issue is moot."); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985) (§ 2255 case under Bail Reform Act where court found pretrial bail issues were mooted by defendant's conviction and sentence).

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be **DISMISSED** as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of August, 2018.

>  **/s/ MICHAEL P. MILLS**
>  **UNITED STATES DISTRICT JUDGE**
>  **NORTHERN DISTRICT OF MISSISSIPPI**